# Authority of the Environmental Protection Agency to Indemnify Its Employees

The Environmental Protection Agency may use funds appropriated to the agency for "Salaries and Expenses" to indemnify its employees for personal liability arising from actions taken within the scope of their official duties.

February 1, 1989

MEMORANDUM OPINION FOR THE GENERAL COUNSEL
ENVIRONMENTAL PROTECTION AGENCY

This responds to your request for the opinion of this Office concerning the authority of the Environmental Protection Agency ("EPA") to indemnify its employees for personal liability arising from actions taken within the scope of their official duties.[1] The memorandum accompanying the request concludes that the EPA may indemnify its employees with funds appropriated to the agency for "Salaries and Expenses."[2] For the reasons stated below, we agree that the EPA may use these appropriated funds to indemnify its employees for judgments and other liability incurred as a result of official actions.

## Analysis

As a general rule, an agency may spend a general appropriation to pay any expense that is necessary or incident to the achievement of the underlying objectives for which the appropriation was made.[3] *Principles of Federal*

---

[1] Letter for Charles J. Cooper, Assistant Attorney General, Office of Legal Counsel, from Francis S. Blake, General Counsel, Environmental Protection Agency (Mar. 16, 1988).

[2] Memorandum for Andrew Moran, Assistant General Counsel, General Law and Claims Branch, from Ray E. Spears, Claims Officer, General Law and Claims Branch (Mar. 12, 1988) ("EPA Memorandum").

[3] There are two exceptions to this general rule — that an agency may not use generally appropriated funds if there is a specific appropriation for that purpose or if the use of appropriated funds for that purpose is prohibited by law. *Principles of Federal Appropriations Law* 3-12 (GAO 1st ed 1982), *see also* 3 Op. O.L C. 9 (1979) In this instance, neither exception applies There is no specific appropriation to the EPA to be used for the indemnification of its employees *See* EPA Memorandum at 2 (laws EPA enforces), Department of Housing and Urban Development — Independent Agencies Appropriations Act, 1989, Pub L No 100-404, 102 Stat. 1014, 1022 (1988) ("1989 Appropriations Act") (EPA's current appropriation). Nor is there any express statutory prohibition on the use of appropriated funds for the indemnification of EPA employees

46

*Appropriations Law* 3-12 (GAO 1st ed. 1982).[4] The EPA, therefore, may use a general appropriation to indemnify its employees if the Administrator or another responsible official determines that such an expense is necessary to achieve the mission of the agency. The nature of an agency's responsibilities and the provisions of the law appropriating funds to an agency must be considered together in determining whether it is permissible to use appropriated funds to indemnify employees for personal liability incurred as a result of actions within the scope of an employee's official duties. For example, the special law enforcement duties of the Department of Justice support the use of funds appropriated to the Department for the indemnification of its employees.[5] Likewise, it has long been the policy of the federal government to *defend* employees who are sued in their individual capacity for actions taken within their official responsibilities.[6]

The EPA Memorandum states that it is necessary for the EPA to indemnify its employees because of the chilling effect the possibility of personal liability has on employees:

> EPA employees are required in their official capacities and as part of their official duties to take actions in many areas where there is uncertainty concerning the hazards posed by a particular situation or where the risks among various remedial options is unclear. In this regard, EPA employees have been sued in their individual capacities for such diverse actions as gasoline lead inspections and enforcement of pollution discharged standards. EPA's ability to effectively ensure the protection of the environment depends upon the willingness of its employees to take all required actions. The threat of personal liability against an employee for a decision made or action taken as part of official duties can adversely affect EPA's achievement of its statutory purposes. The threat of personal liability would have a chilling effect on performance of official duties and would serve as a substantial impediment to EPA's successful accomplishment of its mission.

EPA Memorandum at 4-5. Therefore, you conclude that "EPA's ability to indemnify its employees where it determines that the employee was act-

---

[4] The Comptroller General is an officer of the legislative branch, *see Bowsher v Synar*, 478 U.S. 714, 727-32 (1986), and, historically, the executive branch has not considered itself bound by the Comptroller General's legal opinions if they conflict with the legal opinions of the Attorney General or the Office of Legal Counsel. Nonetheless, the Comptroller General's opinions can provide guidance on certain technical matters, usually in the budget area. In this instance, the Comptroller General's construction of appropriations law is consistent with our reading of the law.

[5] *See* Statement of Policy Concerning Indemnification of Department of Justice Employees, 51 Fed. Reg. 27,021 (1986) ("DOJ Indemnification Policy").

[6] *See, e.g.*, *Case of Captain Wilkes*, 9 Op Att'y Gen. 51, 52 (1857); *Costs of Suits Against Officers of the Navy*, 5 Op. Att'y Gen. 397 (1851)

47

ing within the scope of official duties and consistent with statute, regulation and policy, directly contributes to EPA's ability to carry out effectively its varied responsibilities. As such, payment of such judgments is a necessary expense of EPA operations." *Id.* at 8. Therefore, where the Administrator or another responsible official has determined that indemnification is necessary, you believe that funds in EPA's annual general appropriation for "Salaries and Expenses" may be used by the agency to indemnify its employees.

We agree that it would be lawful for the Administrator or another responsible official of EPA to determine that the threat of personal liability stands as a major impediment to the effective enforcement of federal environmental law by EPA employees. "The prospect of personal liability, and even the uncertainty as to what conduct may result in a lawsuit against the employee personally, tend to intimidate all employees, impede creativity and stifle initiative and decisive action." DOJ Indemnification Policy, 51 Fed. Reg. at 27,022. It would be reasonable to determine that an EPA employee might protect his own interest, rather than serving the public interest, because of his concern with the threat of personal liability. This would clearly hinder the EPA in its mission to safeguard the nation's environment. The inhibition of creativity and initiative is especially troublesome in the context of environmental issues, whose resolution depends in significant part on innovative solutions to complicated problems in an area of rapidly increasing scientific knowledge and ever-changing technology. These factors support your judgment that it is necessary for the EPA to be able to protect its employees from the threat of personal liability.

The Comptroller General, as you noted, has agreed with our conclusion that general agency funds may appropriately be used to indemnify agency employees for liability arising out of their official duties in certain instances. For example, the Comptroller General concluded that it was permissible for the FBI to use appropriated funds to indemnify an employee for a contempt fine imposed when the employee, at the direction of the Attorney General, refused to answer questions, 44 Comp. Gen. 312 (1964), and to indemnify three agents and an informant for attorneys' fees assessed in a civil proceeding arising out of a search for illegal weapons which resulted in the shooting of two suspects, 59 Comp. Gen. 489 (1980). Similarly, the General Counsel to the Comptroller General concluded that the Department of the Interior could indemnify three employees who were found personally liable for trespassing because they were acting in the course of official responsibilities which were consistent with agency policy and had been approved by the United States Attorney. B-168571-O.M. (Jan. 27, 1970).[7] Not surprisingly, the Comptroller General recently stated, "It has long been our view that the United

---

[7] *See Allen v. Merovka*, 382 F.2d 589 (10th Cir. 1967), *Merovka v Allen*, 410 F2d 1307 (10th Cir. 1969) (describing the events resulting in the liability).

48

States may bear expenses, including court-imposed sanctions, which a Government employee incurs because of an act done in the discharge of his official duties." 59 Comp. Gen. at 493.

We agree that the EPA may, if such a determination is made, use its general appropriation for "Salaries and Expenses" to indemnify an employee. That appropriation is for "necessary expenses, not otherwise provided for." 1989 Appropriations Act, 102 Stat. at 1022. Once the Administrator or other responsible official has determined that the indemnification of an employee for personal liability arising from an official action is a necessary expense, we believe that the "Salaries and Expenses" appropriation is a lawful source of funds for that purpose. Indeed, the Comptroller General has approved the use of a similar general appropriation for "Salaries and Expenses" to indemnify an employee for a contempt fine. 44 Comp. Gen. at 314 (FBI).

Of course, the EPA may indemnify an employee only for actions that are within the scope of his or her official responsibilities. The determination of whether an expense is necessary to accomplish the purposes of an agency must be made by the agency itself. We can, of course, express no opinion at this point on whether any particular employee actions resulting in personal liability may be indemnified by the EPA.

## Conclusion

We believe that you are correct in concluding that the role of the EPA in enforcing federal environmental laws requires agency employees to have the latitude to perform their responsibilities without the fear of personal liability for actions that are found to be within the scope of their employment. Thus, the indemnification of its employees is a necessary expense which the EPA may, in the absence of a specific appropriation for that purpose, fund through its general appropriations. We therefore concur that the annual appropriation to the agency for "Salaries and Expenses" is a lawful source of funds for the indemnification of employees by the EPA.

As the original letter from your Office noted, the next step will be for EPA to promulgate regulations that are consistent with EPA's statutory authority. Perhaps the Department of Justice regulations may serve as a model. It is important to do this in a timely fashion so that EPA's standards are in place before any indemnification is granted. Clear standards that are applied in a consistent fashion will ensure that indemnification is provided in as fair a manner as possible.

DOUGLAS W. KMIEC
*Assistant Attorney General*
*Office of Legal Counsel*